UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-510-WTL-MJD |
| | ) |
| MEIJER, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the motion for summary judgment filed by Meijer Stores Limited Partnership.[1] Dkt. No. 45. The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I.  STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court accepts as true the admissible evidence presented by the non-moving party and draws all reasonable inferences in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required

---

[1] According to Meijer, the Plaintiff incorrectly identified the company's proper name as Meijer, Inc.

to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

On the afternoon of August 14, 2011, Plaintiff Thomas Williams visited the Meijer store located at 11351 East Washington Street in Indianapolis, Indiana to purchase ice cream. At approximately 3:12 p.m., while in Aisle 2 of the freezer section, Williams slipped and fell on a wet spot. Williams does not know what caused the wet spot or how long the wet spot was on the floor prior to his fall. As a result of the incident, Williams injured his left quadriceps tendon.

At the time of Williams' fall, Jeremy Godwin was the Grocery Team Leader at the Meijer on East Washington Street. Godwin inspected the grocery section of the store every two hours. In addition to Godwin's inspections, Meijer Team Members performed inspections of their assigned areas every thirty minutes. At approximately 3:00 p.m. on the day of Williams' fall, Godwin began a visual inspection of the grocery section of the store. Godwin completed his inspection of the freezer section between 3:00 p.m. and 3:05 p.m. At that time, Aisle 2 was clean and clear. According to Godwin, however, there were typically between two to four spills in the freezer section that needed to be addressed during each of his ten-hour shifts.[2] Godwin also testified that "[t]here is a high risk that you're going to have some sort of condensation on the ground" in the freezer section. Godwin Dep. at 43:24-44:1, Dkt. No. 47-1. Godwin did, however, state that Meijer employees mop up spills as soon as they are noticed.

---

[2]After his deposition, Godwin completed an errata sheet attempting to clarify several of his statements at the deposition. Godwin stated on the errata sheet that the two to four spills that needed to be addressed during his shifts occurred not just in the freezer section, but throughout the entire supermarket. Williams argues that Godwin's revised testimony is "impermissible" because it substantively changed his deposition testimony. Regardless of whether the spills occurred in the freezer section or the entire supermarket, that fact is not critical to the Court's analysis.

### III.     DISCUSSION

Under Indiana law, "a person who is invited to enter or remain on the land for a purpose directly or indirectly connected with business dealings with the possessor of the land" is a business invitee. *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991). A landowner or possessor of land "owes the highest duty to an invitee: a duty to exercise reasonable care for his protection while he is on the . . . premises." *Id.* at 639 (citing *Hammond v. Allegretti*, 311 N.E.2d 821 (Ind. 1974)). Before liability may attach, however, the landowner or possessor of land "must have actual or constructive knowledge of the danger." *Carmichael v. Kroger Co.*, 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995). "In the absence of undisputed evidence to the contrary, the [issue] of whether the [defendant] had actual or constructive notice of the dangerous condition" is a question for the jury. *Golba v. Kohl's Dept. Store, Inc.*, 585 N.E.2d 14, 16-17 (Ind. Ct. App. 1992).

Meijer argues that summary judgment is appropriate because no jury could find that Meijer had actual or constructive knowledge of the wet spot in Aisle 2 of the freezer section. The Court agrees.[3]

Constructive knowledge is found when "condition . . . has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (quoting *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992)). In *Schulz*, the plaintiff, Dixie Schulz, was injured while

---

[3] Although Williams argues throughout his response that Meijer had actual or constructive notice of the wet spot in Aisle 2, Williams does not designate any evidence that Meijer had actual knowledge of the dangerous condition. Moreover, Godwin's testimony indicates that Meijer did not have actual knowledge of the wet spot. Accordingly, the Court will focus only on Williams' argument that Meijer had constructive knowledge of the wet spot.

shopping at a Kroger store when she slipped on a clear liquid in front of a Seven-Up display. After Schulz filed suit against Kroger, Kroger filed a motion for summary judgment arguing, among other things, that it did not have constructive notice of the wet spot. The trial court agreed and granted summary judgment in favor of Kroger.

In affirming the trial court's decision, the Indiana Court of Appeals examined the testimony of a Kroger store employee who stated that she "had been in the area where [Schulz] had fallen approximately 5-10 minutes before [the] fall occurred. In the 5-10 minute period of time before the alleged fall[,] . . . the floor was clean and dry." *Schulz*, 963 N.E.2d at 1145. Because the window of time between Schulz's fall and when a Kroger employee was in the area was "ten minutes at most," the court concluded that Kroger did not have constructive knowledge of the wet spot. *Id.* In so holding, the Court noted that to find otherwise would effectively impose a strict liability standard or mandate an employee's presence in every aisle at all times. *Id.*

Similarly, the undisputed evidence in this case is that Godwin inspected the freezer section seven to twelve minutes before Williams' fall. It is also undisputed that, at that time, the floor was clean and clear. Due to the short timing between Williams' fall and Godwin's last inspection, no reasonable jury could conclude that the wet spot had existed for such a length of time that it would have been discovered in the exercise of ordinary care. Accordingly, no reasonable jury could find that Meijer had constructive knowledge.

Williams also argues, however, that Meijer had constructive knowledge of the dangerous condition because it deals with spills in the freezer section regularly throughout the day and there is a high risk of condensation on the floor in the freezer section. In other words, Williams argues that Meijer had constructive knowledge of this spill because there is a pattern of spills and the potential for wetness. Indeed, the Seventh Circuit has recognized that a pattern of conduct or

recurring incident may constitute constructive notice of a dangerous condition. *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 125-26 (7th Cir. 1988) (applying Illinois law); *see also Rodriquez v. Trump Casino*, 2011 WL 467050 at *3 (N.D. Ind. 2011) (applying Indiana law). "What is needed is a pattern of dangerous conditions which were not attended to within a reasonable period of time." *Culli*, 862 F.2d at 126; s*ee also Stadt v. United Ctr. Joint Venture*, 2005 WL 1126539 (N.D. Ill. 2005) ("[D]efendant's knowledge that spills occurred . . . does not mean that it had constructive notice of every spill. Instead, defendants' procedures for responding to spills, and what steps they actually took, will determine if they should have known about the spill that allegedly caused plaintiff to fall.")

It is not clear that Indiana recognizes this principle. However, assuming that it would, and to the extent that this argument adds anything new or different to the analysis above, Meijer is nonetheless entitled to summary judgment. It is undisputed that there was a pattern of dangerous conditions (i.e., wet spots and the potential for wet spots in the freezer section), but Williams does not make any argument or cite any evidence to show that Meijer did not attend to the spills within a reasonable period of time. In fact, the undisputed evidence is that Godwin personally inspected the grocery section every two hours, and Meijer Team Members performed inspections of their assigned areas (e.g., the freezer section) every thirty minutes. Godwin further testified that Meijer employees mop up spills as soon as they are noticed. There is thus no basis for a reasonable jury to conclude that Meijer's practices were not reasonable, and therefore, no jury could conclude that Meijer had constructive knowledge of the spill that caused Williams' fall.

## IV.   CONCLUSION

For the reasons set forth above, the Defendants' motion for summary judgment is **GRANTED**.

SO ORDERED:   06/18/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.